# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| Lois Y. Rinehimer, *as Trustee of the Edwin J. Rinehimer Trust - 1999*, | ) ) ) | |
| Plaintiff, | ) ) | No. 2:18-cv-00664-DCN |
| vs. | ) ) | **ORDER** |
| Transamerica Life Insurance Co., | ) ) ) | |
| Defendant. | ) ) | |

This matter comes before the court on Transamerica Life Insurance Co.'s ("Transamerica") motion to dismiss, ECF No. 10. For the reasons set forth below, the court grants the motion and dismisses the case.

## I. BACKGROUND

This case arises from a dispute over an insurance policy between Transamerica and Edwin Rinehimer ("Mr. Rinehimer"), the deceased husband of plaintiff Lois Rinehimer ("Mrs. Rinehimer"). During his lifetime, Mr. Rinehimer established the Edwin J. Rinehimer Trust (the "Trust"), of which Mrs. Rinehimer is the Trustee. In 2003, Mr. Rinehimer purchased a life insurance policy with Transamerica (the "Policy"), naming the Trust as the beneficiary. In May of 2016, Transamerica informed the couple that the premium on the policy would double. Mrs. Rinehimer argues that this raise in the premium breached the Policy.

In June of 2016, the Rinehimers chose to surrender the policy in exchange for its net cash value (the "Surrender Agreement"). The Surrender Agreement reads: "I elect to surrender the policy for its net cash value. It is agreed that the entire liability of the

1

Company, except for payment of the net cash value, is hereby discharged and terminated." ECF No. 10, Ex. B. Mr. Rinehimer died on September 24, 2017, after which Mrs. Rinehimer was named personal representative of Mr. Rinehimer's estate.

Mrs. Rinehimer originally filed this suit in the Charleston County Court of Common Pleas, and on March 9, 2018, Transamerica removed the case. Mrs. Rinehimer alleges that Transamerica breached its contract with Mr. Rinehimer, that this breach was accompanied by a fraudulent act, and that Transamerica also breached the covenant of good faith and fair dealing. She argues that, as a result of this breach, the Trust was deprived of the $500,000 it would have received under the Policy had Mr. Rinehimer not entered into the Surrender Agreement. On April 16, 2018, Transamerica filed a motion to dismiss. ECF No. 10. Mrs. Rinehimer responded on May 30, 2018, ECF No. 13, and Transamerica replied on June 13, 2018, ECF No. 23. The motion has been fully briefed and is now ripe for the court's review.

## II. STANDARD

A. **Subject-Matter Jurisdiction**

A party challenging the court's subject-matter jurisdiction over a pending action may bring a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1). Even when a party does not move to dismiss on this ground, the court has the right and obligation to ensure that it possesses subject-matter jurisdiction over every case that comes before it. Gonzalez v. Thaler, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider sua sponte issues that the parties have disclaimed or have not presented."). When a federal court does not possess subject-matter jurisdiction over a claim, it must sua sponte dismiss the claim. Id.

### B. Failure to State a Claim

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F. 2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir. 1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. DISCUSSION

Transamerica asks the court to dismiss the case under Federal Rule of Civil Procedure 12(b)(1), arguing that Mrs. Rinehimer lacks standing to bring the suit because:

(1) the Policy terminated upon surrender; (2) through the surrender agreement, Mr. Rinehimer discharged and terminated Transamerica from liability in exchange for the Policy's net cash value, thus extinguishing all claims including those Mrs. Rinehimer now seeks to assert; and (3) as a non-contracting party, Mrs. Rinehimer is barred from asserting her claims, which are all contract-based. ECF No. 10 at 2. Transamerica also argues that it is entitled to dismissal under Rule 12(b)(6) because Transamerica did not violate the Policy by raising the Rinehimers' premium. Id. The court agrees with Transamerica that the Surrender Agreement extinguished any claims that the Rinehimers might have had under the Policy. As such, the court declines to address Transamerica's other grounds for dismissal.[1]

The complaint brings a breach of contract claim, alleging that Transamerica violated the Policy by raising the monthly premium. However, the court cannot even consider this breach of contract claim and determine whether Transamerica violated the Policy because Mr. Rinehimer surrendered any rights he had under the Policy by entering into the Surrender Agreement. Mrs. Rinehimer claims that Mr. Rinehimer's decision to surrender the Policy was caused by Transamerica's breach of the Policy. As such, she asks the court to set aside the Surrender Agreement, reinstate the Policy, and find that Transamerica must pay the full amount of life insurance owed under the Policy. Although she does not phrase it as such, Mrs. Rinehimer's argument sounds as though

---

[1] The parties also argue over whether Mrs. Rinehimer herself has standing to bring this suit, as the Trustee of the Trust, which was the beneficiary of the Policy. However, the court need not delve into this issue because it finds that Mr. Rinehimer, the owner of the Policy, would not have been able to successfully bring this suit himself. If the Surrender Agreement would preclude the owner of the Policy from bringing suit, then it certainly prevents the beneficiary from bringing the suit as well.

she is asking the court to "rescind" the Surrender Agreement because her husband was fraudulently induced to entered into it. See Alderman v. Bivin, 106 S.E. 2d 385, 389 (S.C. 1958) ("A contract may be reformed or rescinded . . . under these circumstances . . . where the mistake is not mutual, unilateral, and has been induced by the fraud, deceit, misrepresentation, concealment, or imposition in any form of the party opposed in interest to the reformation or recision . . . ."). Yet the court has not found any cases in which courts have held that a party's breach of one contract fraudulently induced the other party to enter into a second contract, such that the second contract should be set aside due to the breach of the first contract.

The court has also not found, and Mrs. Rinehimer has not provided, any cases that would support setting aside the Surrender Agreement here, where the insured knowingly and willfully surrendered the insurance policy. Mrs. Rinehimer cites Babb v. Paul Revere Life Insurance Co., 77 S.E.2d 267 (S.C. 1953), but the facts in Babb are readily distinguishable from the current case. In Babb, the insurance company told the insured that the policy was void and would have to be surrendered because the insured falsely stated in his application for insurance that he did not have arthritis when he did in fact suffer from arthritis. Yet the insured had never made this false statement in his application. Thus, in Babb, the insurance company induced the insured to surrender the policy, not by breaching the policy, as in the current case, but by lying to the insured about material aspects of the policy. See also Outlaw v. Calhoun Life Ins. Co., 113 S.E.2d 817, 817–19 (S.C. 1960) (finding that the complaint stated a claim for relief by alleging that the insurance company fraudulently procured the insured's surrender of the policy by "giving her the impression [ ] that by signing said final release and discharge,

5

she was giving a receipt for the full amount due under said policy, for the accidental death of her insured son"); Myrtle Beach Commc'ns, Inc. v. Travelers Life & Annuity Co., 2008 WL 11349888, at *1–3 (D.S.C. June 30, 2008) (declining summary judgment because a jury could find that the parties had not actually intended to enter into a surrender agreement).

By contrast, Mrs. Rinehimer has not alleged that Transamerica misled her husband in any way about the Surrender Agreement. Mr. Rinehimer willingly surrendered the Policy due to increased premium payments, not a patently false representation that induced termination of the policy. While Transamerica might have indeed breached the Policy by raising the premiums, the time to bring a breach of contract action would have been before Mr. Rinehimer entered into the Surrender Agreement and surrendered any rights he had under the Policy. As the parties have not presented the court with any case law that might warrant setting aside the Surrender Agreement, the court finds that the Surrender Agreement precludes Mrs. Rinehimer from bringing a breach of contract action based on the Policy.

### IV. CONCLUSION

For the foregoing reasons, the court **GRANTS** the motion to dismiss.

**AND IT IS SO ORDERED.**

**DAVID C. NORTON
UNITED STATES DISTRICT JUDGE**

**March 28, 2019
Charleston, South Carolina**